IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY NIELSON,

             Plaintiff,                No. CIV S-06-0680 KJM

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant.            ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social

Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

summary judgment or remand and grant the Commissioner's cross-motion for summary

judgment.

/////

/////

/////

/////

1

1    I. Factual and Procedural Background

2           In a decision dated September 27, 2005, the ALJ determined plaintiff was not

3    disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals

4    Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment

5    of anxiety but this impairment does not meet or medically equal a listed impairment; plaintiff is

6    not totally credible; plaintiff retains the ability to perform simple, unskilled work; plaintiff can

7    perform his past relevant work as a charge account clerk or kitchen helper; and plaintiff is not

8    disabled.  Administrative Transcript ("AT") 19-20.  Plaintiff contends the ALJ improperly

9    weighed the physician's opinions, improperly discredited plaintiff, incorrectly found plaintiff

10   _____

11          [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the
      Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid
12   to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability
      is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a
13   medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
      1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R.
14   §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The
      following summarizes the sequential evaluation:

15          Step one:  Is the claimant engaging in substantial gainful
16   activity?  If so, the claimant is found not disabled.  If not, proceed
      to step two.
17          Step two:  Does the claimant have a "severe" impairment?
      If so, proceed to step three.  If not, then a finding of not disabled is
18   appropriate.
            Step three:  Does the claimant's impairment or combination
19   of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
      404, Subpt. P, App.1?  If so, the claimant is automatically
20   determined disabled.  If not, proceed to step four.
            Step four:  Is the claimant capable of performing his past
21   work?  If so, the claimant is not disabled.  If not, proceed to step
      five.
22          Step five:  Does the claimant have the residual functional
      capacity to perform any other work?  If so, the claimant is not
23   disabled.  If not, the claimant is disabled.

24   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

25          The claimant bears the burden of proof in the first four steps of the sequential evaluation
      process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
26   evaluation process proceeds to step five.  Id.

1    could perform his past relevant work, and should have developed the record with respect to

2    plaintiff's mental impairment.

3    II.  Standard of Review

4           The court reviews the Commissioner's decision to determine whether (1) it is

5    based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6    record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7    Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8    Substantial evidence means more than a mere scintilla of evidence, but less than a

9    preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10   Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12   U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13   197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14   782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15   detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16   1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17   supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18   substantial evidence supports the administrative findings, or if there is conflicting evidence

19   supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20   Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22   1335, 1338 (9th Cir. 1988).

23   III.  Analysis

24          A.  Physicians' Opinions

25          Plaintiff contends the ALJ erroneously relied on the opinion of a nontreating

26   nonexamining consulting physician who testified at the hearing and in so doing ignored

3

1   diagnoses of other treating and examining physicians.  The weight given to medical opinions

2   depends in part on whether they are proffered by treating, examining or non-examining

3   professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is

4   given to the opinion of a treating professional, who has a greater opportunity to know and

5   observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

6           To evaluate whether an ALJ properly rejected a medical opinion, in addition to

7   considering its source, the court considers whether (1) contradictory opinions are in the record,

8   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

9   treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

10  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

11  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

12  830.  While a treating professional's opinion generally is accorded superior weight, if it is

13  contradicted by a supported examining professional's opinion (e.g., supported by different

14  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

15  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

16  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

17  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

18  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

19  non-examining professional, without other evidence, is insufficient to reject the opinion of a

20  treating or examining professional.  Lester, 81 F.3d at 831.

21          Plaintiff contends the ALJ rejected the opinions of treating and examining

22  physicians in favor of the opinion of Dr. Wilson, who did not examine plaintiff but based his

23  opinion on plaintiff's medical records and plaintiff's testimony.  AT 272-273, 275-277.

24  Plaintiff's contention is simply unsupported by the record.  Although the ALJ specifically

25  adopted the functional limitations opined by Dr. Wilson, that opinion was consistent with the

26  functional limitations assessed by the examining physicians and state agency physicians.  AT 17,

179-214 (state agency physicians), 216-219 (examining neurologist Dr. McIntire), 220-225 (examining psychologist Dr. Black).  Dr. Wilson's opinion regarding plaintiff's functional limitations also was consistent with those of the treating medical practitioners, to the extent they expressed opinions.[2]  AT 142, 144 (clinician diagnosed anxiety, rule out social phobias, panic, prescribed Zoloft), 148, 150 (neurologist Dr. Ghoshal).  There was no error in the weight accorded by the ALJ to the various medical opinions of record.[3]

B.  Credibility

Plaintiff also contends the ALJ improperly discredited plaintiff's own testimony regarding his symptoms and limitations.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If

[2]  Plaintiff was also seen at Sacramento County Health on March 21, 2005 by a marriage and family therapy intern.  AT 226-232.  As this examiner was not a licenced physican or psychologist, it is not considered an "acceptable source" but rather an "other source" of information.  20 C.F.R. §§ 404.1513(a), (e) & 416.913(a), (e).  No specific guidelines exist for weighing opinions from "other sources."  Accordingly, opinions from "other sources" are given less weight than opinions from "acceptable medical sources."  In light of the consistent assessments of functional limitations by the acceptable medical sources, there was no error in failing to specifically reject the findings of the marriage and family therapy intern, particularly in light of the fact this examiner did not opine as to functional limitations.

[3]  Similarly, the ALJ committed no error in finding at step two that plaintiff suffered a severe impairment of anxiety.  AT 16.  The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

The ALJ noted the various diagnoses of mental disorders plaintiff had been given based on plaintiff's subjective complaints and social history.  AT 15.  A medical diagnosis, however, does not an impairment make.  Dr. Wilson concluded, based on the medical record and plaintiff's testimony, that there was no evidence to support a diagnosis of depression or Tourette's syndrome and that whether plaintiff met the criteria for dependent personality disorder was questionable.  AT 272-273.  Dr. Wilson's testimony, which is supported by the record, constitutes substantial evidence on which the ALJ was entitled to rely in making the step two determination.  Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999).

credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907

F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990)

(requiring explicit credibility finding to be supported by "a specific, cogent reason for the

disbelief").

        In evaluating whether subjective complaints are credible, the ALJ should first

consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

(1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

and effect of symptoms, and inconsistencies between testimony and conduct also may be

relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

the ALJ in determining whether the alleged associated pain is not a significant nonexertional

impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

(9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

177 n.6 (9th Cir. 1990).  General demeanor and behavior at the hearing are appropriately factored

into the credibility determination.  See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992).

"Without affirmative evidence showing that the claimant is malingering, the Commissioner's

reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v.

Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

1    The ALJ found plaintiff was not totally credible with respect to plaintiff's claim of

2 disabling mental impairment.[4]  In doing so, the ALJ considered plaintiff's demeanor at the

3 hearing, which as noted by the testifying consulting physician, was bright and articulate.  AT 18;

4 see, e.g., AT 261-262, 272.  The ALJ also considered plaintiff's activities of daily living to

5 indicate a high level of functioning.  AT 16.  The ALJ noted that plaintiff had been able to

6 maintain a relationship with a roommate for fourteen years and actively visits his parents and has

7 interacted appropriately with medical providers, all indicative of no more than moderate

8 limitations in social functioning.  AT 16.  The ALJ considered plaintiff's ability to complete an

9 AA degree, acknowledging that it took longer than most students, and ability to provide

10 typewritten accounts of his history and background as inconsistent with plaintiff's claim of

11 severe impairment of functioning in concentration, persistence and pace.  AT 16.  The ALJ

12 further correctly noted that plaintiff was not seeking treatment for his alleged psychological

13 problems and that he was not taking psychiatric medications.  AT 271.  The factors considered by

14 the ALJ all were valid and supported by the record.  The ALJ's credibility determination was

15 based on permissible grounds and will not be disturbed.

16    C.  Past Relevant Work

17    Plaintiff also contends the ALJ erroneously found he could perform his past

18 relevant work as a charge account clerk or kitchen helper.  As noted above, the burden is on

19 plaintiff at step four to prove he cannot perform his past relevant work.  Although not required at

20 step four, the ALJ relied on the expertise of a vocational expert in finding plaintiff could perform

21 his past relevant work.  See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (no vocational

22 expert testimony required where plaintiff can perform past relevant work).  The ALJ posed

23 hypotheticals to the vocational expert predicated on the limitations as expressed by Dr. Wilson.

24

25   [4]  As discussed above, the ALJ properly relied on Dr. Wilson's conclusion that plaintiff's mental impairment was attributable to an anxiety disorder.  There was no medical evidence to support plaintiff's claim of seizure disorder or other neurological problems.  AT 148, 150, 151,

26 216-219.

1   AT 276-279.  The hypotheticals posed by plaintiff's counsel were unsupported by substantial

2   evidence and were properly rejected by the ALJ.  AT  281-283.  Having failed to meet his burden

3   to show he cannot perform his past relevant work, the ALJ's determination that plaintiff is not

4   disabled must be upheld.

5                   D.  Development of the Record

6                   Plaintiff also contends the ALJ should have developed the record further with

7   respect to plaintiff's mental impairment.  Disability hearings are not adversarial. See DeLorme v.

8   Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.

9   1996) (ALJ has duty to develop the record even when claimant is represented).  Evidence raising

10   an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be

11   some objective evidence suggesting a condition that could have a material impact on the

12   disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v.

13   Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991).  "Ambiguous

14   evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter,

15   242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

16                   Here, there was no need to further develop the record.  There was no ambiguity in

17   the record and plaintiff was examined by both a consulting neurologist and psychologist.

18   Moreover, the ALJ called on a doctor to analyze the medical records and testify at the hearing.

19   Although Dr. Wilson indicated a more psychiatrically-oriented assessment would aid in

20   diagnosis, there was no indication that the records were insufficient to formulate an assessment

21   of mental functioning.  AT 288.  The ALJ committed no error in failing to order further

22   psychological evaluation.

23   /////

24   /////

25   /////

26   /////

1    The ALJ's decision is fully supported by substantial evidence in the record and

2 based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

3         1.  Plaintiff's motion for summary judgment or remand is denied, and

4         2.  The Commissioner's cross-motion for summary judgment is granted.

5 DATED:  September 30, 2007.

6

7

8                                                  _____
                                                   U.S. MAGISTRATE JUDGE
9

10

11   006
     nielson.ss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26